## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

ELAYSSANDRIA LACY,

      Plaintiff,                             Case No.

                                                Hon.

v.

MARKETPLACE HOMES, LLC,

      Defendant.

_____

Noah S. Hurwitz (P74063)
NACHT, ROUMEL & HURWITZ, P.C.
Attorneys for Plaintiff
101 N. Main St., Ste 555
Ann Arbor, MI 48104
(734) 663-7550
NHurwitz@nachtlaw.com

_____

## COMPLAINT AND JURY DEMAND

Plaintiff Elayssandria Lacy, by and through her attorneys, NACHT, ROUMEL & HURWITZ, P.C., hereby alleges as follows:

## PARTIES, JURISDICTION, AND VENUE

1.     Plaintiff Elayssandria Lacy (herein after referred to as "Plaintiff") is an individual residing in the City of Romulus, Wayne County, Michigan.

2.     Defendant Marketplace Homes, LLC (herein after referred to as "Defendant") is a real estate and property management company headquartered in

Detroit, Wayne County, Michigan.

3.     Defendant was established in 2002 and owned over $300 million in real estate as of 2016.

4.     This Court has general federal question jurisdiction pursuant to 28 U.S.C. § 1331, because Plaintiff brings her claims pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*

5.     For the state causes of action, supplemental jurisdiction is appropriate under 28 U.S.C. § 1367.

6.     Venue is proper in this Court because Defendant obligated itself to Plaintiff within the Eastern District of Michigan, Defendant's registered business address is located within the Eastern District of Michigan, and Plaintiff resides within the Eastern District of Michigan.

## GENERAL ALLEGATIONS

### Plaintiff was hired in 2015 as a W2 employee

7.     Plaintiff was hired by Defendant as a Leasing Specialist in 2015 as a W2 employee.

8.     Plaintiff's leasing assignments were dictated exclusively by Defendant, and Plaintiff was not allowed to work for any company other than Defendant.

9.     Plaintiff was required to be at all "team meetings" during the workweek, meet her supervisor once a week, and work in the office during business hours.

### Without changing her job duties, Defendant reclassified Plaintiff as an independent contractor on January 1, 2019

10.    On January 1, 2019, Plaintiff was involuntarily reclassified by Defendant as an independent contractor, despite her employment conditions remaining exactly the same as when she was an hourly employee.

11.    As an independent contractor, Plaintiff was not adequately compensated for hours worked, including overtime.

12.    Plaintiff earned no hourly wage.  She was paid only commissions on a monthly basis.

13.    Plaintiff conducted all business by phone and was therefore never away from her employer's place of business, preventing her from qualifying for any exemption under Section 13(a)(1) of the Fair Labor Standards Act.

14.    Plaintiff's duties were consistent with those of an employee as defined in 26 CFR § 31.3401(c)-1(b), § 31.3121 (d) – 1(c)(2), § 31.3306 (I) – 1(b).

15.    Defendant furnished Plaintiff with tools to do her job, including but not limited to further education to maintain her real estate licenses in Michigan, Georgia and Illinois.

3

16.     Defendant required Plaintiff to take a real estate preparatory class to become a realtor in Illinois and to take the Illinois licensing exam.

17.     Defendant provided Plaintiff with a dedicated phone, desk, and computer.

18.     Defendant required Plaintiff to attend team meetings, as well as individual meetings with her supervisor.

19.     As of November 12, 2019, Plaintiff was required to be in the office between the hours of 9:00 a.m. and 5:00 p.m.

20.     Defendant provided Plaintiff with a place in which to conduct business.

21.     Defendant controlled the manner in which Plaintiff performed her job duties.

22.     To determine whether a worker is an employee under the FLSA, courts embrace the "economic reality" test, which considers six factors:

      a.     the permanency of the relationship between the parties;

      b.     the degree of skill required for the rendering of the services;

      c.     the worker's investment in equipment or materials for the task;

      d.     the worker's opportunity for profit or loss, depending upon her skill;

      e.     the degree of the employer's right to control the manner in which the work is performed; and

4

        f.      whether the service rendered is an integral part of the employer's business.

23.     Plaintiff's employment relationship with Defendant was permanent.

24.     Plaintiff did not invest in equipment or materials for her tasks.

25.     Plaintiff had no opportunity for profit or loss depending upon her skill.

26.     Defendant significantly controlled the manner in which Plaintiff performed work.

27.     The services rendered by Plaintiff were an integral part of Defendant's business

## Defendant retaliated against Plaintiff for raising concerns about misclassification and unpaid overtime under the FLSA

28.     On August 25, 2021, Plaintiff, through her attorney, submitted a request for compensation based on Defendant's misclassification of her as an independent contractor.

29.     The letter, stated, "Ms. Lacy has been misclassified as an independent contractor for the Company for the last two years with employment conditions that were the same as when she was a W2 employee.  The misclassification deprived Ms. Lacy of the many legal benefits and protections associated with being an employee and constitutes a violation of the Fair Labor Standards Act."

30.     Upon receiving the letter from Plaintiff's attorney, Defendant changed Plaintiff's passwords.

31.     On September 1, 2021, exactly one week after submitting her FLSA violation concerns, Plaintiff was terminated by Defendant in retaliation for protesting her misclassification as an independent contractor.

## COUNT I
## VIOLATION OF FAIR LABOR STANDARDS ACT
## (INDEPENDENT CONTRACTOR MISCLASSIFICATION)

32.     Plaintiff hereby realleges and incorporates all previously stated allegations.

33.     Plaintiff was employed as an "Independent Contractor" by Defendant, and was designated as "exempt" from overtime.

34.     Plaintiff worked diligently for Defendant outside of normal business hours, including on nights and weekends.

35.     The work performed by Plaintiff rendered her eligible for overtime.

36.     Defendant's conduct was willful and in bad faith.

37.     At all times relevant to this action, Plaintiff was Defendant's employee within the meaning of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq.

38.     At all times relevant to this action, Defendant was Plaintiff's employer within the meaning of the FLSA.

39.     Defendant's knowing and willful failure to properly pay time-and-a-half for hours worked more than forty (40) in a week to Plaintiff based on her

misclassification as an "independent contractor" violates the Fair Labor Standards Act (FLSA), 29 U.S.C. §201 et seq.

40.    As a result of Defendant's unlawful acts, Plaintiff was deprived of earned wages.

WHEREFORE, Plaintiff is entitled to compensation for lost wages, unpaid overtime wages, lost benefits, liquidated damages, interest, attorneys' fees and costs, and any other remedies available at law or in equity.

## COUNT II
## VIOLATION OF FAIR LABOR STANDARDS ACT
## (RETALIATION)

41.    Plaintiff hereby realleges and incorporates by reference all previously stated allegations.

42.    Section 15(a)(3) of the FLSA states that it is a violation for any person to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee."

43.    Plaintiff engaged in protected conduct when on August 25, 2021, Plaintiff, through her attorney, submitted a request for compensation based on Defendant's misclassification of her as an independent contractor.

7

44.     The letter, stated, "Ms. Lacy has been misclassified as an independent contractor for the Company for the last two years with employment conditions that were the same as when she was a W2 employee.  The misclassification deprived Ms. Lacy of the many legal benefits and protections associated with being an employee and constitutes a violation of the Fair Labor Standards Act."

45.     On September 1, 2021, one week after submitting her FLSA violation concerns, Plaintiff was terminated by Defendant in retaliation for protesting her misclassification as an independent contractor.

46.     Defendant's decision to terminate Plaintiff was motivated by Plaintiff's opposition to Defendant's FLSA violations.

47.     Had Plaintiff not complained about the FLSA violations, she would not have been terminated.

WHEREFORE, Plaintiff is entitled to lost wages, lost benefits, liquidated damages, extreme mental and emotional distress, humiliation, outrage, loss of employment opportunity, harm to reputation, loss of earning capacity, punitive damages, interest, attorneys' fees and costs, and any other remedies available at law or in equity.

## COUNT III
## VIOLATION OF MICHIGAN'S WHISTLEBLOWER PROTECTION ACT

8

48.    Plaintiff hereby realleges and incorporates by reference all previously stated allegations.

49.    Plaintiff reported a suspected violation of law, regulation or rule, promulgated by the state and federal governments, when on August 25, 2021, Plaintiff, through her attorney, submitted a request for compensation based on Defendant's misclassification of her as an independent contractor and violation of her rights under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 et seq.

50.    Plaintiff reported these suspected violations of law to her attorney, which is a public body as defined under the Whistleblower Protection Act ("WPA"), MCL §15.361 et seq.

51.    Defendant had objective notice of Plaintiff's reports and attempted to curtail her rights under the WPA by terminating Plaintiff a week later.

52.    WHEREFORE, Plaintiff is entitled to lost wages, lost benefits, liquidated damages, extreme mental and emotional distress, humiliation, outrage, loss of employment opportunity, harm to reputation, loss of earning capacity, punitive damages, interest, attorneys' fees and costs, and any other remedies available at law or in equity.

## COUNT IV
## FAILURE TO PROVIDE PERSONNEL FILE PURSUANT TO
## BULLARD-PLAWECKI EMPLOYEE RIGHT TO KNOW ACT

53.     Plaintiff hereby realleges and incorporates by reference all previously stated allegations.

54.     The "Bullard-Plawecki Employee Right to Know Act," MCL 423.501 et seq. ["Right to Know Act"], in relevant part grants an employee the right to receive a copy of his or her personnel records.

55.     Plaintiff made a written request for her personnel records in a letter dated August 25, 2021.  The letter was delivered through undersigned counsel.

56.     However, to date, the personnel records have not been furnished, nor any reason or communication advanced for the refusal.

57.     Defendant has therefore violated the Right to Know Act by willfully and knowingly refusing to send Plaintiff a copy of her personnel records.

58.     Defendant's willful violation of the Right to Know Act has damaged Plaintiff as described herein and below, and entitles Plaintiff to injunctive relief, $200 plus actual damages, costs, and reasonable attorney fees.

## **RELIEF REQUESTED**

59.     For the foregoing reasons, Plaintiff demands judgment against Defendant Marketplace Homes, LLC. as follows:

a.     Declare the practices and actions of Defendant as illegal under the FLSA and WPA;

b.     Award compensatory damages for monetary and non-monetary loss in whatever amount he is found to be entitled, including back and front pay, compensation for overtime hours, economic damages, non-economic damages, punitive damages, and any other damages available by law;

c.     Award liquidated damages pursuant to the FLSA;

d.     An award of interest, costs, and reasonable attorneys' fees; and

e.     Whatever other relief this Court finds appropriate.

Respectfully submitted,

/s/ *Noah S. Hurwitz*
Noah S. Hurwitz (P74063)
NACHT, ROUMEL, HURWITZ, P.C.
Attorneys for Plaintiff
101 N. Main St., Ste. 555
Ann Arbor, MI 48104
(734) 663-7550
Dated: September 30, 2021          nhurwitz@nachtlaw.com

11

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ELAYSSANDRIA LACY,

      Plaintiff,                                Case No.
                                                Hon.

v.

MARKETPLACE HOMES, LLC,

      Defendant.
_____

Noah S. Hurwitz (P74063)
NACHT, ROUMEL, & HURWITZ, P.C.
Attorneys for Plaintiff
101 N. Main St., Ste 555
Ann Arbor, MI 48104
(734) 663-7550
NHurwitz@nachtlaw.com
_____

## DEMAND FOR TRIAL BY JURY

      NOW COMES Plaintiff Elayssandria Lacy, by and through her attorneys,

NACHT, ROUMEL, & HURWITZ, P.C., and demands a jury trial for all issues so

triable.

                                  Respectfully Submitted,

                                  NACHT, ROUMEL, & HURWITZ, P.C.

                                  /s/ *Noah S. Hurwitz*
                                  Noah S. Hurwitz (P74063)
                                  Attorneys for Plaintiff
                                  101 N. Main Street, Suite 555
                                  Ann Arbor, MI 48104
Dated: September 30, 2021          (734) 663-7550